IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-41-BO

| | |
|---|---|
| MARY MAYES,<br>       Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>*Acting Commissioner of Social Security*,<br>       Defendant. | )<br>)<br>)<br>)    O R D E R<br>)<br>)<br>)<br>) |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on February 28, 2014, at Raleigh, North Carolina. For the reasons discussed below, this matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed an application for DIB and SSI on August 18, 2010, alleging disability beginning June 13, 2010. Following initial denials of plaintiff's claim, an Administrative Law Judge (ALJ) held a hearing at which plaintiff, her attorney, and a vocational expert (VE) appeared. After considering the claim de novo, the ALJ found that plaintiff was not disabled. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

After finding that plaintiff had not engaged in any substantial gainful activity since her alleged onset date at step one, the ALJ determined that plaintiff's high blood pressure, seizures, obesity, depression, and anxiety were severe impairments at step two. The ALJ then found that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three, and that plaintiff had a residual functional capacity (RFC) to perform medium work with exertional and non-exertional limitations. At step four, the ALJ found that plaintiff was unable to

2

perform her past relevant work, but that, based on plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ found that plaintiff was not disabled as of the date of his decision.

Regarding plaintiff's depression and anxiety and resulting non-exertional limitations, the ALJ afforded little weight to the opinion of a consultative psychological examiner, whose opinion the ALJ determined lacked longitudinal perspective as it was given shortly after the death of plaintiff's mother. Tr. 18. The consultative psychologist concluded that plaintiff would have difficulty following written instructions above the 5th grade level and that she may need close supervision but would otherwise be able to relate to co-workers and supervisors in small settings. Tr. 406. Three months later, a non-examining state agency psychologist, whose opinion the ALJ gave significant weight, found that plaintiff would have moderate difficulty understanding and remembering detailed instructions, would be moderately limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, and would be moderately limited in interacting with the general public. Tr. 137. Four and five months later, plaintiff was still diagnosed as having depression and anxiety with increased episodes caused by the death of her parents. Tr. 456.

Though the ALJ dismissed the consultative examiner's findings as not longitudinally representative, there is not substantial evidence in the record to support a finding that plaintiff no longer would be limited as noted by the consultative examiner. Moths after the death of her mother, plaintiff's depression and anxiety continued and plaintiff continued to be assigned Global Assessment of Functioning (GAF) scores in the forties and fifties, reflecting serious to moderate difficulty in social, occupational, or school functioning. AMERICAN PSYCHIATRIC ASSOCIATION,

3

DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (4th ed. text revision). While the ALJ was correct to note that GAF scores are subjective snapshots of a patient's condition by an examiner, and in and of themselves lack longitudinal perspective, consistent GAF scores over time do provide some relevant information about an examiner's opinion of a patient's longitudinal picture. Moreover, the non-examining psychologist, whose opinion was afforded significant weight, did not differ greatly from the consultative examiner in his opinion regarding plaintiff's non-exertional limitations due to her depression and anxiety. Thus, the ALJ's failure to consider more detailed and restrictive non-exertional limitations was not supported by substantial evidence, nor were the hypothetical questions posed to the VE at the hearing. Remand is therefore appropriate to further consider plaintiff's non-exertional limitations due to her depression and anxiety and the effects those limitations would have on the types of jobs plaintiff could perform.

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE 27] is GRANTED, defendant's motion for judgment on the pleadings [DE 36] is DENIED, and the decision of the ALJ is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this __11__ day of March, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4